IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOAN DING NGUYEN, aka HOANG NGUYEN,<br><br>    Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____ | No. C 06-3330 MMC (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

    This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254, in which petitioner claims his conviction and sentence are unconstitutional. For the reasons stated herein, the Court will deny the petition.

**PROCEDURAL BACKGROUND**

    In 2003, a Santa Clara County Superior Court jury found petitioner guilty of one count of dissuading a witness by use of force or threat of force, see Cal. Pen. Code § 136.1, and found true a gang enhancement, see id. § 186.22. Petitioner admitted a prior strike conviction for residential burglary, see id. §§ 667(b)–(i) & 1170.12. The trial court sentenced petitioner to a total term of thirteen years in state prison. Petitioner appealed. The California Court of Appeal for the Sixth Appellate District affirmed the judgment (Ans. Ex. 6 at 1), and the California Supreme Court denied petitioner's petition for review (Pet. at 3).

The record does not reflect the filing of a state habeas petition related to the conviction.

**FACTUAL BACKGROUND**

Evidence presented at trial showed that petitioner attempted to dissuade Thuy Nguyen ("Thuy"), who is not related to petitioner, from testifying about a 1998 shooting incident in which she was seriously injured. (Ans. Ex. 6 at 2.) In particular, the evidence showed that in 1998, Thuy was shot by her ex-boyfriend's gang associates, Kiet Tu and Vu Pham, who, along with petitioner, also a gang associate, were, at the time of the shooting, riding in a vehicle owned by petitioner and being driven by Thuy's ex-boyfriend, Tu Le. (Id. at 2-4.) Thuy reported the incident to the police, and criminal charges were brought against petitioner, Kiet Tu, Vu Pham, and Tu Le. (See Ans. Ex. 2 at 222, 272-73; see also Ans. Ex. 1 at 152.) On the day of the preliminary hearing on the charges against Tu Le, petitioner and Thuy found themselves in the same elevator en route to the courtroom, at which time petitioner said to Thuy, in Vietnamese: "[J]ust say what there is to say. Don't say any more or any less. Watch out." (Ans. Ex. 6 at 3.)

Additionally, prior to that day, petitioner had tried to contact Thuy. He paged Thuy while she was in the hospital (Ans. Ex. 2 at 292), and after she was released from the hospital, he went to her former place of employment; Thuy, who had gone there for a visit, went to the back and stayed out of sight until petitioner left. (Id. at 181-83; 288.) Thuy became concerned about why petitioner was trying to contact her. She called him,[1] and he told her to call his friend and gave her a telephone number; the number turned out to be that of Kiet Tu. (Id. 286-87.) Thuy called Kiet Tu, who asked her: "Why did you do such a strange thing; why did you tell the authorities everything?" At that point, Thuy felt "a little bit" threatened by his tone. When he told her not to say anything and threatened "to kill" her, however, she was in fear for her safety and, the next day, left the state and did not return until called to testify as a witness. (Id. at 186-88.)

---

[1] Given the intervening years between these events and her testimony at petitioner's trial, Thuy was unsure as to whether the call was made to her by petitioner in the first instance or whether she called him in response to his attempts to contact her. (See id. at 183; 286.)

2

**DISCUSSION**

As grounds for federal habeas relief, petitioner alleges: (1) the factors in aggravation, necessary to impose the upper term of the sentence, were never proved beyond a reasonable doubt, in violation of petitioner's right to a jury; (2) there was insufficient evidence to support the jury instruction on an aiding and abetting theory, in violation of his right to due process; and (3) the admission of hearsay testimony violated petitioner's rights under the Confrontation Clause.

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

The state court decision implicated by § 2254(d) is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091–92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this instance, is the decision of the California Court of

Appeal on direct review of petitioner's conviction. See Nunnemaker, 501 U.S. at 801–06; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

B.    Petitioner's Claims

    1.    Upper Term Sentence

Petitioner claims the factors in aggravation, necessary to impose the upper term of the sentence for threatening a witness, were never proved beyond a reasonable doubt, in violation of petitioner's right to a jury trial thereon.[2] (Pet. at 6.) The state appellate court rejected petitioner's claim, finding petitioner had admitted at least one factor in aggravation, namely, a prior felony conviction, and, consequently, that his sentence was constitutional under Supreme Court precedent. (Ans. Ex. 6 at 15.)

After the jury returned its verdict, petitioner admitted to the trial court that he had been convicted in 1994 of first degree burglary. (Ans. Ex. 2 at 384–5.)[3] Based on that 1994 conviction and other aggravating factors, the trial court imposed the upper term of eight years under California Penal Code § 136.1. (Id. at 418–19.)

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The "statutory maximum" discussed in Apprendi is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. Blakely v. Washington, 542 U. S. 296, 303–04 (2004). In California, the middle term is deemed the statutory maximum, and thus the imposition of the upper term, such as in the instant case, can implicate a criminal defendant's Apprendi rights. See Cunningham v.

---

[2] Petitioner also asserts, without elaboration, that his due process rights were violated by reason of such insufficiency of evidence. Because petitioner's showing is limited to the claim discussed above, the Court addresses herein only that claim.

[3] Each of the pages of the transcript of the hearing with respect to petitioner's prior convictions is designated as a subpart of page 384

4

California, 549 U.S. 270, 293 (2007). A single aggravating factor is sufficient to authorize a California trial court to impose the upper term. See People v. Osband, 13 Cal. 4th 622, 728 (Cal. 1996); see also Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008).

Because they are not considered an element of the offense charged, recidivism and prior convictions increasing the maximum penalty need not be charged to comport with the constitutional right to fair notice. See Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1998); United States v. Pacheco-Zepeda, 234 F.3d 411, 414–15 (9th Cir. 2001), cert. denied, 532 U.S. 966 (2001) (holding Almendarez-Torres remains good law after Apprendi and, consequently, prior convictions, whether or not admitted by defendant, constitute sentencing factors rather than elements of crime).

Here, the aggravating fact of petitioner's admitted prior conviction falls within the Almendarez-Torres recidivism exception, and, consequently, petitioner's jury trial rights, as articulated in Apprendi and related case law, are not implicated.[4] That the trial court also considered other factors in making its sentencing choice does not alter the constitutional analysis, nor does this Court's inability to determine what the trial court would have done if it had relied solely on a single aggravating fact. See Butler, 528 F.3d at 648-49. As the Ninth Circuit explained in Butler:

> With regard to a Sixth Amendment sentencing violation . . ., the relevant question is not what the trial court *would* have done, but what it legally *could* have done. After one aggravating factor was validly found, the trial court legally *could* have imposed the upper term sentence. That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.

Id. (emphases in original).

Accordingly, petitioner is not entitled to habeas relief on this claim.

2. Sufficiency of the Evidence

Petitioner claims there was insufficient evidence to support a jury instruction on an

---

[4]Similarly falling within such exception are petitioner's three earlier convictions for cocaine trafficking, under California Health and Safety Code § 11352(a), as well as the escalating seriousness of his crimes, all of which the trial court additionally relied upon in imposing sentence.

5

aiding and abetting theory, in violation of his right to due process. (Pet. at 6.) Specifically, petitioner contends there was insufficient evidence to support a finding that he had advance knowledge that Kiet Tu was going to threaten Thuy, and, consequently, insufficient evidence that he aided or abetted the commission of the crime. (Pet. at 6.)

At trial, the court instructed the jury that a finding of guilt on the charge of attempting to dissuade a witness could be based either on the statement petitioner himself made to Thuy in the elevator, or the earlier statement made to Thuy by Kiet Tu on the telephone. (Ans. Ex. 6 at 8.) With respect to the latter, the prosecutor argued to the jury that it could find petitioner guilty under an aiding and abetting theory, based on petitioner's directing Thuy to call Kiet Tu. (Id.) The state appellate court rejected petitioner's claim, finding petitioner's "companionship with Kiet Tu [was] evident, and [petitioner's] conduct both before and after the threat made by Kiet Tu provide[d] sufficient evidentiary support for giving the aiding and abetting instructions." (Id. at 10.)[5]

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). A federal court reviewing collaterally a state court conviction does not determine whether such federal court itself is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" See id. (quoting Jackson v.

---

[5] "The jury was instructed: 'Persons who are involved in committing or attempting to commit a crime are referred to as principals in that crime. Each principal, regardless of the extent or the manner of participation, is equally guilty. Principals include those who directly and actively commit or attempt to commit the acts constituting the crime or those who aid and abet the commission or attempted commission of the crime. [¶] A person aides [sic] and abets the commission or attempted commission of a crime when he, with knowledge of the unlawful purpose of the perpetrator and with the intent or purpose of committing or encouraging or facilitating the commission of the crime by act or device, aides [sic], promotes, encourages or instigates the commission of a crime. [¶] A person who aides [sic] and abets the commission or attempted commission of a crime need not be present at the scene of the crime. Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting.'" (Ans. Ex. 6 at 8 n. 3.)

Virginia, 443 U.S. at 307, 319 (1979)). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. See Jackson, 443 U.S. at 324.

Under California law, a person is guilty as an aider and abettor when he or she "act[s] with knowledge of the criminal purpose of the perpetrator and with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense." People v. Beeman, 35 Cal.3d 547, 560 (Cal. 1984).

Here, the record contains evidence from which a reasonable trier of fact could have found the essential elements of the crime of aiding and abetting beyond a reasonable doubt. In particular, the jury was entitled to draw the inference, from petitioner's own statements and actions, as well as his gang and personal relationships, that petitioner knew of and planned to assist Kiet Tu in threatening Thuy for the purpose of dissuading her from testifying.

First, petitioner was closely associated with Kiet Tu, both as a friend and as a fellow gang member. Second, petitioner directed Thuy to contact Kiet Tu, a person known to both petitioner and Thuy as a friend of the men who had shot her. Third, petitioner, as both the owner of and someone present in the vehicle from which the shots were fired, was a suspect in the shooting and, as such, had a personal interest in Thuy's silence. Lastly, petitioner himself made a veiled threat to Thuy when he saw she had returned to California to testify. In sum, given such evidence, a reasonable trier of fact could find petitioner both knew of Kiet Tu's criminal intent to dissuade Thuy by threats and that he planned to assist Kiet Tu in the commission of that crime.

Accordingly, petitioner is not entitled to habeas relief on this claim.

3. Admission of Hearsay Evidence

Petitioner claims the trial court's admission of Kiet Tu's threatening statement violated his rights under the Confrontation Clause. (Pet. at 6.) On direct appeal, petitioner contended the admission of the statement violated California evidence law. The state appellate court rejected petitioner's claim, finding the evidence was properly admitted as a

7

nonhearsay operative fact. (Ans. Ex. 6 at 6.) Such statement, the state appellate court reasoned, was not hearsay because it was not offered or admitted for the truth of the matter asserted. (Id..)

The Confrontation Clause of the Sixth Amendment provides that in criminal cases the accused has the right to "be confronted with witnesses against him." U.S. Const. amend. VI. The ultimate goal of the Confrontation Clause is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. Crawford v. Washington, 541 U.S. 36, 61 (2004). It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. Id.

An out-of-court statement that qualifies as "testimonial" in nature is not admissible, under the Confrontation Clause, unless the witness testifying to such statement is unavailable and the witness was made available for cross-examination by the defendant at a prior proceeding. Crawford v. Washington, 541 U.S. 36, 68 (2004). Depending on the circumstances under which the statement was made, a hearsay statement, even if admissible under state rules of evidence, may constitute a testimonial statement that implicates the Confrontation Clause. Id.

"'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth the matter stated." See Cal. Evid. Code § 1200; see also Fed. R. Evid. 801 ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). As the state appellate court observed, however:

> [A] declarant's statement may become relevant on some issue in a case merely because the words were spoken or written, and irrespective of the truth or falsity of any assertions contained in the statement. If a fact in controversy is whether certain words were spoken or written and not whether the words were true, evidence that these words were spoken or written is admissible as nonhearsay evidence.' [ ] Often, such evidence is referred to as 'operative facts.'

(Ans. Ex. 6 at 6.) (internal quotations and citations omitted).

Here, as the state appellate court correctly held, Kiet Tu's threatening statements to Thuy were not offered for the truth of the matter asserted, i.e., that Kiet Tu would in fact kill Thuy if she said anything more, but, rather, for the fact those words were spoken. In short, the threatening statements constituted part of the charged criminal conduct itself.

Accordingly, petitioner is not entitled to habeas relief on this claim.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that the California Court of Appeal did not render a decision that was contrary to, or constituted an unreasonable application of, clearly established federal law, or that entailed an unreasonable determination of the facts.

Accordingly, the petition for a writ of habeas corpus is hereby DENIED.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

DATED: September 30, 2009

_____
MAXINE M. CHESNEY
United States District Judge